Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| AMBER PATTERSON, an Individual,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>MARIST CATHOLIC HIGH SCHOOL, a non-profit organization,<br><br>　　　　　　　　　　Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)**<br><br>Prayer: $400,000.00<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL REQUESTED |

COMES NOW, Plaintiff Amber Patterson, through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

**INTRODUCTION**

This case addresses the very real issues raised by the clash of an individual's fundamental right to free religious expression and thought and the management of the COVID-19 pandemic and the vaccine mandates. This case tests our commitment as Americans to the

notions of individual liberty and freedom, even during difficult times.

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiff, Amber Patterson, lives in Lane County, Oregon. Defendant is a non-profit organization incorporated in the State of Oregon in Lane County. Plaintiff exhausted her administrative remedies through the U.S. Equal Employment Opportunity Commission and received a right-to-sue letter on or about September 26, 2022.

2.

At all material times, Plaintiff was a resident of Lane County, Oregon and worked in Eugene, Oregon.

3.

At all material times, Defendant was conducting business in the State of Oregon.

4.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

5.

Plaintiff worked for more than thirty-two years as a teacher, including working for twenty-four years faithfully as a mathematics teacher for the Defendant and was starting her twenty-fifth year at the time of the events described in this Complaint. Plaintiff is also deeply religious, non-denominational Christian who is devoted to her faith. Plaintiff is dedicated to following the tenets of her faith to the best of her ability.

6.

Until the COVID-19 pandemic unfolded, Plaintiff's faith had not caused a conflict with

her work requirements in any regard, particularly since the Defendant is a religious organization.

7.

During her tenure, Plaintiff taught every mathematics course available at the school, including focusing on Advanced Placement courses, and was chair of the department for many of her years in service. Plaintiff had no adverse employment incidents prior to the events described in this Complaint.

8.

The COVID-19 pandemic manifested in Oregon in late February of 2020. The pandemic immediately represented a dramatic event in the lives of every Oregon resident. As a teacher interacting with hundreds of people a day on campus, Plaintiff was exposed to the harsh realities of the pandemic on a daily basis, including the risk that she herself may get infected with the virus.

9.

Plaintiff continued to provide an exceptional quality of work at the Defendant's school. Plaintiff adapted to the remote learning requirements, which was challenging and frustrating at times. Plaintiff adjusted her life to best ensure the safety of her students, their families, and her colleagues.

10.

In the summer of 2021, Plaintiff was notified that the Defendant would be implementing and enforcing a vaccine mandate in the workplace. Plaintiff was informed that those individuals with religious beliefs in conflict to the vaccine and/or to the taking of the vaccine could apply for religious exceptions. As a devout Christian, Plaintiff had serious objections to taking the vaccine because it would constitute violating her bodily integrity and tainting the purity of her body. On or about August 30, 2021, Plaintiff filed the formal paperwork for a religious exemption and anticipated it would be granted.

11.

On September 22, 2021, Plaintiff was notified that her religious exemption was acknowledged, but would not be accommodated. She was informed that her career, which had spanned more than two decades, would summarily end on September 29, 2021.

12.

The termination of Plaintiff's pay and medical benefits has had a significantly negative impact on her life. Plaintiff also cherished her work and particularly loved teaching multiple generations of students.

13.

The Defendant has yet to explain why, in its view, after nearly two years of being able to work without incident during the pandemic, Plaintiff's presence suddenly created an unacceptable health and safety risk necessitating her being terminated.

14.

On information and belief, the Defendant's adverse employment actions against Plaintiff were not, as claimed, to protect against an unacceptable health and safety risk. Instead, those actions were discriminatory against Plaintiff based on her sincerely held religious beliefs and retaliation for expressing those beliefs. There were reasonable accommodations available to the Defendant with no undue burden on it that it failed to pursue. Instead, it took the most drastic employment action it could against Plaintiff with an unlawful discriminatory intent.

15.

Because of the Defendant's unlawful termination, Plaintiff suffered the ill effects of major stress, including depression, insomnia, kidney stones, and anxiety. As a result of this action, she lost her income, health insurance, annual paid leave contributions, retirement contributions and other benefits resulting in financial hardship. She also lost access to hundreds of hours of accumulated paid time off, or PTO.

## FIRST CLAIM FOR RELIEF

## (Unlawful Employment Discrimination Based on Religion

## in Contravention of Or. Rev. Stat. § 659A.030)

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

16.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity.

17.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

18.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

19.

Instead of finding reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

20.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff has been damaged in an amount of no less than $100,000.00 in economic damages, or a different amount

to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

## SECOND CLAIM FOR RELIEF

### (Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act – 42 U.S.C. §2000e et seq.)

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

21.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity.

22.

Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

23.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

24.

Instead of finding reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's religion by

Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

25.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged in an amount to be determined at trial, but that exceeds $100,000.00, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

1. A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial but exceeding $100,000.00.
2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.
3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.
4. Any other relief as the Court deems just and equitable.

DATED this 26th day of December, 2022.

JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiff